IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| William T. Coleman, ) | C/A No.: 3:21-1516-JFA-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| Officer D. Dechman; Officer ) | |
| Shirley; Officer Brandon ) | |
| McLaurin; Magistrate Court Judge ) | ORDER AND NOTICE |
| Rebecca Adams; Lexington County ) | |
| Public Defender Kebre Simpson; ) | |
| Lexington County Solicitor ) | |
| Whitney K. Yongue; Clerk of Court ) | |
| Lisa M. Comer, ) | |
| ) | |
| Defendants. ) | |

William T. Coleman ("Plaintiff"),[1] proceeding pro se, filed this civil action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights by Officers Dechman, Shirley, McLaurin ("Officers"); Magistrate Court

---

[1] Although the complaint lists additional individuals as purported plaintiffs, only one signature is provided, and the court considers William T. Coleman as the sole plaintiff. *See Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) ("[T]he competence of a layman representing himself [is] clearly too limited to allow him to risk the rights of others."); *see also Hummer v. Dalton*, 657 F.2d 621, 625–26 (4th Cir. 1981) (holding that a pro se prisoner's suit is "confined to redress for violation of his own personal rights and not one by him as a knight-errant for all prisoners"); *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987) (noting while a non-attorney may represent himself, he has no authority to appear as an attorney for others).

1

Judge Rebecca Adams ("Judge"); Public Defender Kebre Simpson ("Public Defender"); Lexington County Solicitor Whitney K. Yongue ("Solicitor"); and Clerk of Court Lisa M. Comer ("Clerk"). Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and Local Civ. Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge.

I.   Factual and Procedural Background

Plaintiff alleges he was unlawfully arrested by McLaurin, Dechman, and Shirley. [ECF No. 1 at 8]. Plaintiff alleges Judge violated his constitutional rights by not allowing him to "exercise his Ramsey Right" to proceed pro se. *Id.* Plaintiff further alleges a claim of malicious prosecution against Clerk and Solicitor, as well as human trafficking and kidnapping. *Id.* He claims Public Defender was also involved in his allegedly-illegal incarceration. *Id.* at 8–9. Plaintiff seeks a billion dollars in monetary damages.

II.  Discussion

A.   Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to

dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.  Analysis

1.  Judicial Immunity

Judge should be dismissed based on judicial immunity. It is well-settled that judges have immunity from claims arising out of their judicial actions. *Mireless v. Waco*, 502 U.S. 9, 12 (1991). Judicial immunity is a protection from suit, not just from ultimate assessment of damages, and such immunity is not pierced by allegations of corruption or bad faith. *See Mireless*, 502 U.S. at 11; *see also Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'") (citation omitted). As Plaintiff's claims against Judge relate to her judicial actions, she is entitled to absolute immunity. Accordingly, Plaintiff's claims against Judge should be summarily dismissed.

2.  Prosecutorial Immunity (Solicitor)

Plaintiff sues Solicitor for actions associated with the prosecution of his criminal charges. Prosecutors have absolute immunity for activities in or connected with judicial proceedings, such as a criminal trial, bond hearings, bail hearings, grand jury proceedings, and pretrial hearings. *See Buckley v. Fitzsimmons*, 509 U.S. 259 (1993); *Dababnah v. Keller-Burnside*, 208 F.3d 467 (4th Cir. 2000). Because Plaintiff's claims address actions taken

4

by Solicitor in connection with the judicial proceedings for his criminal charges, these claims are barred by prosecutorial immunity. Accordingly, the undersigned recommends Solicitor be summarily dismissed from this case.

        3.     Clerk is Entitled to Quasi-Judicial Immunity

Plaintiff's claims against Clerk arise from her alleged malicious prosecution of him. [ECF No. 1 at 8]. It is well-settled that court support personnel have immunity from a claim for damages and injunctive relief arising out of their judicial actions. *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985); s*ee also Kincaid v. Vail*, 969 F.2d 594, 601 (7th Cir. 1992) (internal quotation marks and citation omitted) (finding the doctrine of absolute quasi-judicial immunity has been adopted and made applicable to court support personnel because of "the danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly, will vent their wrath on clerks, court reporters, and other judicial adjuncts[.]"); *Abebe v. Seymour*, C/A No. 3:12-377-JFA-KDW, 2012 WL 1130667, *2–3 (D.S.C. Apr. 4, 2012) (finding Section 309(c) of the Federal Courts Improvement Act of 1996, Pub. L. No 104-317, 110 Stat. 3847 (1996) amended § 1983 to bar injunctive relief against a judicial officer "for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable."). Because Plaintiff's allegations concern

actions taken in her capacity as a judicial officer, Clerk is protected by quasi-judicial immunity and should be summarily dismissed from this action.

    4.    Public Defender is not a State Actor Pursuant to § 1983

Plaintiff has not provided any independent jurisdiction for his claim against Public Defender. A criminal defense attorney, whether retained or appointed, does not act under color of state law or federal law, which is a jurisdictional prerequisite for any civil action brought under § 1983. *See Polk County v. Dodson*, 454 U.S. 312, 317–24 nn. 8–9, 12–14 (1981); *see also Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 940 (1982) (finding purely private conduct is not actionable under § 1983). Therefore, Public Defender is entitled to summary dismissal.

    5.    Insufficient Factual Allegations Against Officers

Plaintiff's complaint does not contain any factual allegations of constitutional wrongdoing against Officers. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although the court must liberally construe a pro se complaint, the United States Supreme Court has made it clear that a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible

on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79. Plaintiff's only allegation related to Officers is the conclusory claim that McLaurin, Dechman, and Shirley unlawfully arrested him. Because Plaintiff has provided insufficient factual allegations against Officers, they are entitled to summary dismissal.

## NOTICE CONCERNING AMENDMENT

Although Plaintiff has failed to allege sufficient facts to support a claim, he may be able to cure deficiencies in his complaint through amendment. *See Goode v. Cent. Va. Legal Aid Soc'y, Inc.*, 807 F.3d 619 (4th Cir. 2015). Plaintiff may file an amended complaint by **June 15, 2021**, along with any appropriate service documents. Plaintiff is reminded an amended complaint replaces the original complaint and should be complete in itself. *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted). If Plaintiff files an amended complaint, the undersigned will conduct screening of the amended complaint pursuant to 28 U.S.C. § 1915A. If Plaintiff fails to file an amended complaint or fails to cure the deficiencies

7

identified above, the undersigned will recommend to the district judge that the claims be dismissed without leave for further amendment.

    IT IS SO ORDERED.

May 25, 2021                                           Shiva V. Hodges
Columbia, South Carolina                United States Magistrate Judge